## A. H. Cook v. W. C. Phillips.

Where two were sued upon a joint and several note, and one of them was served and there was no return of the citation issued for the other, it was held that the plaintiff was rightly permitted to dismiss as to the latter, (although there was no return showing that he had not been served,) and take judgment against the defendant on whom there was a return of service.

Where it may be desirable to dismiss one of several defendants served with process, and the liability of the defendant is such that an action can be maintained against the other defendants without joining him, the plaintiff may dismiss as to him and have judgment against the other defendants. If the liability of the defendants varies, so that one or more of them could not be sued without joining the said defendant, they only are entitled to object to such judgment as against themselves.

A motion to set aside a judgment by default and allow the defendant to answer, must show that the defendant has a meritorious defence, and be supported by affidavit.

Error from Travis. Tried below before the Hon. Thomas H. Duval.

Suit by defendant in error against plaintiff in error and three others, on a joint and several note, signed by the plaintiff in error and two of his co-defendants, payable to the fourth defendant, and by him indorsed to the defendant in error, the plaintiff below. All the defendants were served with citation. The two co-promissors of the plaintiff in error having answered in time, the suit was dismissed as to them, and judgment taken against the other two. The plaintiff in error moved in arrest of judgment, on the ground that it was not competent for plaintiff to dismiss as to the two who had answered and pro. ceed against the other defendants ; and asked leave to file his defence, which he said was a valid one, suggesting that he was in fact merely a surety in the note, and that it had been mate-

rially altered since it was signed by him. The motion was not supported by affidavit. Motion overruled. The indorser did not join in the motion or writ of error.

*Hancock & West,* for plaintiff in error.

*Carter & DeNormandie,* for defendant in error.

WHEELER, J. The principal objection to the judgment, urged by the appellant, is, that the Court permitted the plaintiff to dismiss as to certain of his co-defendants who were served with process, and proceed to judgment against him. In Austin et al v. Jordan, (5 Tex. R. 130,) we held this general principle, as deducible from the authorities, that wherever a defendant need not have been joined, or where it may be desirable to dismiss one of several defendants, and the liability of the defendants is such that an action can be maintained against the other defendants without joining him, the plaintiff may enter a *nolle prosequi* as to him, and have judgment against the other defendants. And in Martin v. Stone, (16 Tex. R.*) where two men sued upon a joint and several note, and one of them was served and there was no return of the citation issued to the other, we held that the plaintiff was rightly permitted to dismiss as to the latter, though there was no return showing that the defendant had not been served, and take judgment against the defendant, on whom there was a return of service.

On the authority of these cases, the Court did not err in the ruling complained of. The technical rule of the Common Law, that upon a contract which is joint and several, the plaintiff

---

* This case is quoted by Mr. Justice Wheeler from memory. A case of Martin v. Stone was decided at the session at Galveston, 1856 (which session is reported in the 16th Tex. R.) involving the point to which it is here quoted, and none other ; decided as here stated. But we find no Opinion, and it does not appear from the minutes that an Opinion was delivered in the case.—REPS.

must sue all or but one, and cannot sue two or more, without suing all, has never been recognized in our practice.

The plaintiff having the right to dismiss as to some of the defendants, and proceed to judgment against the others, his having done so, could not afford a ground for setting aside the judgment.

The motion was unsupported by affidavit, or other evidence as to the other ground set forth, and was rightly overruled. There is no error in the judgment, and it is affirmed.

Judgment affirmed.

