## THOMAS G. MASTERSON v. JOHN C. ASHCOM.

### (Case No. 1317.)

1. JUDGMENT.—Eight years after the rendition of a monied judgment against a party in a justice's court, he obtained an injunction to restrain its collection, on the ground that he had never been served with process, was not a citizen of the county when the judgment was rendered, and would not have been indebted on a fair settlement to him who obtained the judgment. The judgment entry of the justice of the peace recited the appearance of the party by attorney, naming the attorney. *Held*—

1. There is a marked distinction between a question of mere personal privilege to be sued in the precinct and county of one's residence, and of jurisdiction proper, which cannot be waived.

2. The justice's court having jurisdiction of the subject matter, if the party was irregularly sued in a precinct or county where he did not reside, it would have jurisdiction over the person also, if the privilege of being sued elsewhere was not pleaded in abatement.

3. No opinion expressed as to whether a party thus sued could, in the district court, by suit in the nature of a bill in equity, controvert the sheriff's return showing service, and by parol establish that there was in fact no service or appearance. If this were permitted, it would only be on distinct and clear averments, supported by clear and satisfactory evidence.

4. There was no allegation in the pleading denying the recitation of the judgment, which showed an appearance by attorney, or that he did not in fact have notice of the judgment, nor was the delay in seeking relief explained.

5. It devolved on the party, not only to show that the judgment was fraudulently or unduly obtained, but that he had a good legal or equitable defense.

6. Though the party alleged that he was not indebted to him who obtained the judgment, he failed to establish it by evidence.

7. The judgment of the district court, declaring null and void the judgment of the justice of the peace, was erroneous.

APPEAL from Brazoria. Tried below before the Hon. Wm. H. Burkhart.

April 6, 1872, the estate of T. A. Smith, deceased, for use of appellant, Thomas G. Masterson, recovered in justice's court, precinct No. 2, Brazoria county, judgment for

$112.52, principal and interest, besides costs, against appellee, John C. Ashcom.

The transcript from the justice's court shows that citation issued for Ashcom March 13, 1872, and due return of service on him March 16, 1872, by the sheriff.

The judgment in that court recites that the "cause came on to be heard; Shapard, attorney for plaintiff; Duff for defendant. Defendant pleaded to the jurisdiction of the court, which was overruled, and after hearing the testimony and there being no offsets," etc.; then follows formal entry of judgment.

The transcript further shows that notice of appeal was given; that execution issued June 28, 1873, and was returned January 27, 1875, not satisfied.

Further execution issued January 16, 1880, and was levied upon property of Ashcom.

The present suit was brought by Ashcom, February 26, 1880, in the district court of Brazoria county, against Masterson, for whose use suit was brought in the justice's court, and against Sharp as sheriff, to whom said last execution issued, to enjoin and restrain the collection of the same, and to set aside the judgment of the justice's court, on the grounds, substantially, that Ashcom had never been served with process; that he was not at the date of said judgment a citizen of Brazoria county, but had removed to Galveston county; and that upon a just settlement he would not have been indebted any amount to the estate of Smith.

There was no allegation which negatived the appearance by attorney of Ashcom in the justice's court, as recited in the judgment.

The testimony shows that within a short time previous to the rendition of that judgment, Ashcom had resided in precinct No. 1, in Brazoria county, and that judgment had been rendered against him in that precinct, and tends to prove that there was a vacancy in the office

of justice of the peace in that precinct when the account against Ashcom was filed for suit with the justice in precinct No. 2.

The only testimony offered to disprove the return of the officer and the recitals in the judgment was that of Ashcom himself, and there was no evidence as to any defense to the original cause of action.

An injunction was granted in this suit, and on final hearing in the district court, judgment on verdict of a jury was rendered for Ashcom, the justice judgment declared null and void, and the injunction made perpetual, from which this appeal is prosecuted.

*Thomas G. Masterson* and *John A. Ballowe,* for appellant.

*J. H. Norris,* for appellee.

I. A justice of the peace cannot act beyond his own precinct (unless within one of the exceptions), and process issued to be served on a party outside of his precinct is a nullity, and any judgment rendered thereon is void *ab initio.* R. S., art. 1556; 8 Tex., 122; 12 Tex., 124; 14 Tex., 345.

II. This was not a collateral proceeding, but a direct suit by injunction, directly attacking the validity of the judgment, for want of jurisdiction by the justice over the person of appellee. 18 Tex., 31; 24 Tex., 615; 27 Tex., 276; 31 Tex., 621.

III. The filing of an account is not in a justice court the beginning of a suit; a suit is commenced by the issuance of citation. 3 Tex., 492.

IV. If a justice of the peace acts in any matter over which he has no jurisdiction, the proceedings are absolutely void. 21 Tex., 561; 19 Tex., 337.

BONNER, ASSOCIATE JUSTICE.—It is contended by appellee Ashcom, defendant in the judgment before the

justice's court, that as he did not reside in precinct No. 2, that court had no jurisdiction over him, and that consequently the judgment complained of was null and void.

There is a marked distinction between the question of mere personal privilege to be sued within the precinct or county of residence, and which privilege may be expressly or impliedly waived, and that of jurisdiction proper, which cannot be conferred, even by express consent.

The justice's court had jurisdiction over the subject matter, and if Ashcom was served with process, this would have given the court jurisdiction over the person also, even though the suit had been irregularly brought in a precinct or county other than that of his residence, if he failed to appear and plead in abatement his privilege to be sued elsewhere.   Morris v. Runnels, 12 Tex., 177; R. R. Co. v. Le Gierse, 51 Tex., 201.

We do not find it necessary to decide whether Ashcom, the defendant in the judgment at law in the justice court, can, by a proceeding in the district court, in the nature of a bill in equity for this purpose, controvert the return of the sheriff showing service upon him, and prove by parol that, in fact, he was not served, and did not appear and defend the suit.

This is an important question which we do not wish to pass upon until absolutely necessary, and after full argument.

We deem it proper to here note the following, among other authorities, which in our investigation were found pertinent to this question: Owens v. Ranstead, 22 Ill., 161; Ridgeway v. Bank of Tenn., 11 Humph., 525, affirmed in Bell v. Williams, 1 Head, 229; Driver v. Cobb, 1 Tenn. Ch. (Cooper), 490; Crafts v. Dexter, 8 Ala., 767; Stubbs v. Leavitt, 30 Ala., 352; Newcomb v. Dewey, 27 Iowa, 381; Harshey v. Blackmarr, 20 Iowa, 161; Gregory v. Ford, 14 Cal., 138; Bank v. Eldridge, 28 Conn., 556; Propst v. Meadows, 13 Ill., 157; Walker v. Gilbert, Free-

man's Ch., 85; Wilson v. Montgomery, 14 Sm. & Marsh., 205; Walker v. Robins, 14 How., 584; House v. Collins, 42 Tex., 492; Randall v. Collins, 52 Tex., 435 (same case, present term); Freeman on Judgments, § 495; White & Tudor's Lead. Cases in Equity, 4 Am. ed., vol. 2, part 2, p. 1365; Well's Res Adjudicata, ch. 35.

Under our statute a justice of the peace is required to keep a docket, in which it is made his duty to enter, among other things, the names of the parties; the issuance of process, its nature and when returnable; the appearance of the parties, either with or without citation; and the judgment of the court. Pasch. Dig., art. 1182; id., 6292; R. S., art. 1150.

If it be conceded that in a proper case in a court of equity, the defendant to a judgment at law would be permitted, even in a justice court, to show that he was neither duly cited, nor had appeared in the cause, this, upon principle and the authority of analogous cases, should be permitted only upon full and distinct averments supported by clear and satisfactory evidence. Randall v. Collins (decided at present term); Driver v. Cobb, 1 Tenn. Ch. (Cooper), 490; Windwart v. Allen, 13 Md., 196.

He should also act promptly, or show some good reason why he did not do so.

If strictness in allegation and proof and promptness in action are not required in such cases, no one could rest in security upon the judgments of our courts. Their validity would depend, not upon their intrinsic force and conclusiveness, but upon the frail, uncertain and possibly corrupt testimony of witness, and this, perhaps, after supporting testimony cannot be procured; thus undermining the most important rights of property.

There was no allegation in the present case denying the truth of the recital in the judgment of the appearances by attorney of Ashcom, or that he did not have no-

tice, in fact, of the rendition of the judgment against him; and no direct allegation or evidence why he delayed nearly eight years before he sought to set it aside; and certainly the testimony is not of that clear and satisfactory character which should be required to impeach the return of a sworn officer and the recitals in the judgment.

It further devolved upon Ashcom to show, not only that the judgment was fraudulently or unduly obtained, but that he had a good legal or equitable defense to the original demand or cause of action. House v. Collins, 42 Tex., 492; Taggart v. Wood, 20 Iowa, 236; Coon v. Jones, 10 Iowa, 131; Gardner v. Jenkins, 14 Md., 58; Walker v. Gilbert, Freeman's Ch., 85; White & Tudor's Lead. Cases in Equity (4 Am. ed.), vol. 2, part 2, p. 1369, citing authorities.

Especially should this doctrine apply in a case like the present, when relief is not asked until the demand of the judgment creditor is barred by limitation. Gregory v. Ford, 14 Cal., 142.

It is analogous to the doctrine that judgments by default will not be set aside, until the apparent negligence is accounted for, and a meritorious defense shown. Cook v. Phillips, 18 Tex., 31; Fowler v. Lee, 10 Gill & J., 358.

This is the more necessary under our blended system of common law and equity, as, by the proper practice, both issues, as to the validity of the former judgment, and the merits of the defense, should be tried in the same suit. Roller v. Wooldridge, 46 Tex., 486.

Besides, when relief is sought in such cases by injunction, though a different rule applies in cases of appeal, if the judgment complained of is declared void for want of citation, it is the practice of our courts, the jurisdiction in the first instance having attached for the purpose of the injunction, to return it for trial upon the merits of the original cause of action. Witt v. Kaufman, 25 Tex. Sup., 384; Willis v. Gordon, 22 Tex., 241; Bourke v. Vanderlip, id., 221.

Although Ashcom alleged that he was not indebted to the estate of Smith, he failed to support the allegation by testimony.

We are of opinion that neither the allegations nor the evidence warranted the judgment in this case, and the same is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 8, 1881.]