## H. F. VALDEZ v. IKE COHEN.

### Decided April 11, 1900.

**1. Justice Court—Jurisdiction—Waiver of Privilege—Judgment Not Void.**

Where a party is sued in a justice court of a county other than that of his residence, and fails to appear and plead his privilege to be sued in the county where he resides, he can not have a sale of land made in satisfaction of a judgment by default rendered against him in such suit set aside on the ground that the court had no jurisdiction, since his failure to appear and claim his privilege was a waiver thereof.

**2. Same—Stating Number of Case in Citation.**

A judgment by default rendered in justice court is not void because the citation fails to state the number of the case, since the statute does not specially require the numbering of causes and citations in that court, as it does in reference to district courts. Revised Statutes, articles 1178, 1214, construed.

**3. Execution Sale—Inadequacy of Consideration.**

A sale under execution for $65 of property of the market value of $150 will not be held void because of inadequacy of consideration.

**4. Same—Tender of Debt and Cost After Sale.**

It is no ground for setting aside a sale of land under execution to the judgment creditor for something more than one-half its market value that a few hours after the sale the debtor tendered to such purchaser the amount of the judgment and costs, which he declined to take for the land, insisting that he should also have his attorney's fee of $6.50 in the case.

APPEAL from Webb. Tried below before Hon. A. L. McLANE.

*A. Winslow* and *C. A. McLane,* for appellant.

*Thomas W. Dodd* and *J. F. Mullaly,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee to recover of appellant certain land in the city of Laredo, known as lot No. 7 in block 63. The cause was tried by the court and judgment rendered for appellee.

There is no statement of facts, but it appears from the findings of fact of the trial judge that appellee, in May, 1889, was indebted to appellant in the sum of $26.14 for taxes on lot No. 6 in the same block as the land sued for, which lot No. 6 had been conveyed by appellee to appellant by warranty deed. On May 11, 1899, appellant instituted suit against appellee in the Justice Court of precinct number 3, in Webb County. Appellee at that time was a resident of Harris County, and a citation was issued to that county which was duly served upon appellee

on May 17, 1899. Appellee failed to appear at the term to which he had been cited, and judgment by default was rendered against him, and the lot in controversy was sold under execution to satisfy the judgment so rendered, and was purchased by appellant for $65, the full market value of the lot being $150. A few hours after the sale Cohen tendered to Valdez the amount of the judgment and costs, which he refused. The number of the case on the docket was 39, and there is at the top of the citation, isolated from the style of the case, the number 36, which it may be presumed is intended to represent the number of the case.

Appellee sought in his petition to set aside the sale made under execution on the grounds that the judgment was void because the Justice Court had no jurisdiction over a party not living in the county in which the suit was instituted, and because the number of the cause as given in the citation was 36, while that on the docket was 39. It was also sought to set aside the sale because of inadequacy of price, and because appellee had, a short time after the sale, made a tender to appellant of the amount of the judgment and costs.

It was held by the court "that Cohen was not bound to appear and plead his privilege to be sued in the county of his residence. The cita- ·tion showing on its face that he was a resident of Harris County, the Justice Court of Webb County did not acquire jurisdiction by reason of his failure to answer, and there existing no other fact to give the court jurisdiction, I am of opinion that the judgment of the Justice Court is void, and that defendant has no title to the lot in controversy by virtue of the sheriff's deed thereto, and that plaintiff is entitled to recover."

The ruling of the court quoted is in conflict with the decisions of the Supreme Court in several instances. Morris v. Runnels, 12 Texas, 177; Railway v. Le Gierse, 51 Texas, 201; Masterson v. Ashcom, 54 Texas, 324; State v. Snyder, 66 Texas, 687.

The Supreme Court said in Masterson v. Ashcom, above cited: "There is a marked distinction between the question of mere personal privilege to be sued in the precinct or county of residence, and which privilege may be expressly or impliedly waived, and that of jurisdiction proper, which can not be conferred, even by express consent. The Justice Court had jurisdiction over the subject matter, and if Ashcom was served with process, this would have given the court jurisdiction over the person also, even though the suit had been irregularly brought in a precinct or county other than that of his residence, if he failed to appear and plead in abatement his privilege to be sued elsewhere." There can be no doubt that if appellee had appeared in the Justice Court, and had not pleaded his privilege to be sued in the county of his residence, the justice of the peace could have rendered a valid judgment against him, and it follows that a failure to appear was a failure to claim his privilege and was a virtual waiver of the same, and a judgment by default against him was not void.

It was held by the court that the variance between the number in the citation and that on the docket was immaterial and did not render the

judgment void. This, by a cross-assignment, is presented as error by appellee, and the case of Durham v. Betterton, 79 Texas, 223, cited as authority. In that case it is held that a citation, issued from the district court, which does not state the file number of the suit will not support a judgment by default, but we do not think that the decision can be applied to a citation issued from the justice court. In article 1178, Revised Statutes, it is provided that "when a petition is filed with the clerk, it shall be his duty to indorse thereon the day on which it was filed and the number of the suit," etc. In article 1179 it is made the duty of the clerk to enter in a file docket the number of the suit, the names of the attorneys, etc. It is required in article 1214 that a citation from the district or county court shall contain, among other things, the file number of the suit. There is no statute requiring a justice of the peace to enter the number of the suits on pleadings or docket, and in the requisites required for process from the justice court no mention is made of the file number, and with good reason, because no file number is required. But it is claimed by appellee that article 1602, which provides that "all rules governing the issuance and service and the return of citations in district and county courts, shall govern justice courts," makes it obligatory to enter the number of the suit in the citation. It is provided however, that the rules of the district and county courts shall prevail only "in so far as they can be applied to the proceedings of said court." There being no provision for file or docket numbers in the justice court, it follows that the requirement that the file number be entered in citations can not apply to citations from justice courts.

The court properly held that if there was any inadequacy in the price paid for the land in the execution sale, it did not render it void.

There is no merit in the contention that the sale should be set aside because appellant, after he had bought the land, refused to give it up to appellee. It was as much his property a few hours after the sale as it was a few years thereafter, and he could not be compelled to part with it at a price fixed by appellee.

The judgment of the District Court is reversed, and judgment here rendered that appellee recover nothing by his suit, that appellant be quieted in his title, and recover of appellee all costs of this suit.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

In the Constitution, article 5, section 19, it is prescribed: "Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than two hundred dollars, and in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts." The territorial jurisdiction conferred by the Constitution on justice courts is as wide and comprehensive as that conferred on the

district courts. It is coextensive with the limits of the State. It is not confined to any county or precinct. If a district court can render a valid judgment against the resident of another county who fails to appear and plead his privilege, so can the justice court, for both are courts of the Constitution, and both given the same territorial jurisdiction. It has been held that the territorial jurisdiction of the district court is coextensive with the State, and although suits are required to be brought against parties in the county of their domicile and suits for the recovery of lands in counties where the same or a part thereof are situated, yet it has been held that these provisions confer a mere personal privilege which may be lost by a failure to claim it. De la Vega v. League, 64 Texas, 205; Watson v. Baker, 67 Texas, 48; Bonner v. Hearne, 75 Texas, 242; Moody v. Bank, 19 Texas Civ. App., 278; Fairbanks v. Blum, 2 Texas Civ. App., 479. The same rule must apply to justice courts. Every justice court in the State has cognizance of suits in the amounts fixed by the Constitution, and the requirement as to the precinct in which a party must be sued is a mere personal privilege which may be waived by appearance and answer to the merits, or by failure to appear and answer.

It is urged that the enforcement of such a rule would entail great hardship and expense on persons sued out of their counties. This may be true, but it is a matter to be addressed to the legislative and not to the judicial branch of the government. The hardship would not, however, be any greater in justice courts than in district courts. The language used by the Supreme Court in the case of Masterson v. Ashcom, 54 Texas, 324, was not obiter dictum, as claimed by appellee, but was necessary to the decision, and is amply supported by reason and the decisions of the Supreme Court in analogous cases.

It was in proof that the property was of the value of $150, and sold at execution for $65, and that a few hours after the sale appellee offered to pay appellant the amount he had paid for the land. This appellant refused to accept unless appellee would also pay him $6.50, being the amount of his attorney's fee. We still do not think appellant was compelled to accept the sum tendered by appellee.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.