### GRAYSON v. HOLLINGSWORTH.

(Court of Civil Appeals of Texas. Austin. May 22, 1912.)

1. APPEAL AND ERROR (§ 913*) — REVIEW — PRESUMPTION TO SUPPORT JUDGMENT.

Where, in order to support the judgment of the trial court, it is necessary to presume that the defendants were sued in their individual capacity, either severally or jointly and severally, and the record does not show them to have been sued as joint obligors, the appellate court will adopt this presumption.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3690–3692; Dec. Dig. § 913.*]

2. JUSTICES OF THE PEACE (§ 167*)—APPEAL AND ERROR—DISMISSAL AS TO ONE DEFENDANT.

Where an action is brought in justice court against two defendants as individuals, or against them jointly and severally, the plaintiff, on appeal to the county court, may dismiss as to one and seek recovery against the other alone.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 647–651, 654; Dec. Dig. § 167.*]

3. LIMITATION OF ACTIONS (§ 121*)—AMENDMENT OF PLEADING.

Where suit for a broker's commission on the sale of a lot was begun in justice court against defendants as individuals, a petition against one defendant alone, filed on appeal more than two years after the filing of the original suit, and stating that if the defendants were not partners they were equal joint owners of the lot, and that the defendant retained was liable for one-half of the commission sued for, did not set up a new cause of action, and hence was not defeated by a plea of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 537–540; Dec. Dig. § 121.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by J. M. Hollingsworth against Sam Grayson and another. From a judgment for plaintiff, defendant Grayson appeals. Affirmed.

Hill, Lee & Hill, of San Angelo, for appellant. C. E. Dubois, of San Angelo, for appellee.

RICE, J. On September 27, 1909, appellee filed suit in the justice's court against Sam Grayson and Will Weaver for $175, alleging that they had listed with him a cer-

tain lot for sale at the sum of $3,500; and that after he had procured a purchaser for them they refused to consummate said trade and declined to pay him his commission therefor. A trial in the justice's court resulted in a judgment in their behalf, from which appellee appealed to the county court. During the pendency of said appeal, Weaver died, and on October 3, 1911, which was more than two years after the filing of the original suit, appellee filed his petition in the county court, alleging the death of Weaver, and that he and .Grayson were partners at the time of said transaction, and prayed for recovery against him as surviving partner. By another count he insisted that, if it should be held that Grayson and Weaver were not partners in said transaction, then they were equal joint owners of said lot, and that by reason of the facts heretofore stated appellant became liable and promised to pay one-half of said commission sued for, for which he prayed judgment. To this plea appellant addressed a special exception, to the effect that the same set up a new cause of action and was subject to be defeated by the plea of limitation, which was urged against it. He likewise denied partnership under oath, and also insisted upon the plea of limitation, as well as a general denial. His special exceptions were overruled, and the trial resulted in a judgment in favor of appellee for the sum of $87.50, with interest, from which this appeal is prosecuted, and appellant seeks reversal of this case on the sole ground that appellee pleaded a new cause of action in the county court, which was barred by the two-year statute of limitation.

[1] There is nothing in the record to show that Grayson and Weaver were sued as joint obligors in the justice's .court; and we must presume, in the absence of such showing, that they were sued in their individual capacity, either severally or jointly and severally, because on appeal in such cases appellate courts must adopt, in the absence of proof to the contrary, such presumption as will support the .action of the trial court. See Williams v. Howard, 10 Tex. Civ. App. 527, 31 S. W. 835; Bowman v. S. W. Land Co., 107 S. W 585; Amarillo Commercial Co. v. C., R. I. & G. Ry. Co., 140 S. W. 377.

[2, 3] If the suit in the justice's court was against such parties as individuals, or against them jointly and severally, then there can be no question but that appellee had the right in the county court to dismiss as to Weaver and seek recovery alone against appellant. See Austin v. Jordan, 5 Tex. 130; Cook v. Phillips, 18 Tex. 31, 32; Glasscock v. Hamilton, 62 Tex. 143. In Cook v. Phillips, supra, which was a suit against several defendants on a joint and several promissory note, and where the principal objection urged to the judgment by the appellant was

that the court permitted the plaintiff to dismiss as to certain of his codefendants, who were served with process, and proceed to judgment against him, it was said, among other things, that "the technical rule of the common law that upon a contract which is joint and several the plaintiff must sue all or but one, and cannot sue two or more without suing all, has never been recognized in our practice. The plaintiff having the right to dismiss as to some of the defendants, and to proceed to judgment against the others, his having done so cannot afford a ground for setting aside the judgment." We think there is no merit in the contention that this character of procedure should not be allowed on appeal. It was held, in Stubbs v. Marshall, 48 Tex. Civ. App. 158, 106 S. W. 436, on appeal from the county to the district court in a probate proceeding, that new parties may be made. It is also held that this could be done on appeal from the justice to the county court, in the case of Davis v. West Texas Bank & Trust Co., 116 S. W. 393. If new parties may be brought in on appeal, we see no reason why a prosecution cannot be dismissed as to a party, pending an appeal, where the. facts authorize it. We think that there was no new cause of action set up, and that plaintiff had the right to dismiss his case as against Weaver, for which reason the exception urging the plea of limitation was properly overruled.

Finding no error in the judgment, it is affirmed.

Affirmed.