[Civil No. 1193.  Filed June 15, 1912.]

[125 Pac. 715.]

P. P. PARKER, Justice of the Peace in and for Phoenix
Precinct, Maricopa County, Arizona, and· GLENDALE
STATE BANK, a Corporation, Appellants, v. BEN
UCHIDA, Appellee.

1. JUSTICES OF THE PEACE—JURISDICTION—RESIDENCE OF PARTIES.—
Although the law provides that no person shall be sued in a justice
court out of the precinct in which he resides under Civil Code of
1901, paragraph 2073, providing that an answer or other pleading
setting up that a suit was not commenced in the proper precinct
shall be in writing signed by the party or his attorney and verified
by affidavit, a justice of the peace has jurisdiction of an action
against a resident of another precinct until he appears, claims his
privilege, and shows the fact of his residence, statutes fixing
venue in general not affecting jurisdiction, but merely conferring
a privilege; and hence, where a defendant did not appear, the
judgment was not void because the action was not brought in the
proper precinct.

2. JUSTICES OF THE PEACE—JURISDICTION—SCOPE AND EXTENT.—Courts
cannot hold that a justice of the peace did not acquire jurisdiction

where he otherwise would have done so merely because the defendant was a foreigner, ignorant of the English language, and confined in jail at the time he was sued, since they must apply the law as it is and with equality ·to all alike.

3. COURTS—JURISDICTION—WAIVER OF OBJECTIONS.—As a general rule, defects in the court's jurisdiction over the subject matter of an action cannot be cured, but those going only to its jurisdiction over the person may be waived.

4. JUSTICES OF THE PEACE—REVIEW—CERTIORARI—PRESUMPTIONS.— On *certiorari* to review a default judgment of a justice of the peace, where the party suing out the writ alleged that the justice did not hear any evidence before rendering judgment while the other party alleged that he did, the justice's transcript recited that he heard plaintiff's testimony, and no evidence was offered on this point in the district court, the transcript imported verity, and it should have been presumed that the evidence was heard by the justice.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. P. H. Hayes, for Appellants.

Messrs. Alexander & Christy, for Appellee.

FRANKLIN, C. J.—The Glendale State Bank, a corporation, sued Ben Uchida, before P. P. Parker, a justice of the peace for Phoenix precinct, Maricopa county, upon a claim for the payment of money in a sum less than $300. Summons was personally served upon Uchida in Phoenix precinct, and, failing to appear, his default was entered. The bank recovered judgment against him, Uchida took no appeal, made no effort to set aside his default, and, the time for taking an appeal having expired, he prosecuted a writ of *certiorari*, and the proceedings in the case before the justice of the peace were accordingly certified to the district court of Maricopa county.

An attack is made upon the jurisdiction of the justice of the peace, and is presented in two phases for the determination of this court:

(1) That the justice of the peace acquired no jurisdiction because Uchida was a resident of Glendale precinct at the time the suit was commenced.

(2) That the justice of the peace acted in excess of his jurisdiction, because, as Uchida alleged in his petition for the writ, on his information and belief, "that the judgment was rendered and entered without the justice of the peace receiving or hearing any evidence or testimony in support of said action."

It appears that at the time of the commencement of the action, and until after the judgment was rendered against him, Uchida, a Japanese person, was confined in the Maricopa county jail charged with a public offense, and, as alleged, ignorant of the English language. It is conceded that no evidence was submitted to the district court on the hearing of the writ of *certiorari.* The district court on the pleadings and the certified transcript of the justice vacated and annulled the judgment rendered by the justice of the peace. The transcript shows the commencement of the action on a claim in an amount less than $300, a valid personal service of the summons upon Uchida, the failure of Uchida to appear in the action, the entry of his default, and also that the court before rendering its judgment heard the testimony of the plaintiff.

With some exceptions, the law provides that no person shall be sued in a justice court out of the precinct in which he resides. Conceding as true that Uchida did not reside in Phoenix precinct, but resided in the precinct of Glendale, it is contended that the justice of Phoenix precinct had, or could acquire, no jurisdiction of the case for that reason. We do not so hold. Statutes fixing venue do not generally affect jurisdiction, in its proper sense, but confer a privilege which is waived if not claimed. Paragraph 2073 (section 865), Revised Statutes of Arizona, provides that an answer or other pleadings setting up that the suit is not commenced in the proper precinct shall be in writing and signed by the party or his attorney, and verified by affidavit. If the law fixed the venue of the suit in Glendale precinct, Uchida had the privilege of being sued there. This was, however a privilege which, to be made effectual, must have been asserted in the justice court and in the manner provided by the statute.

Not having asserted the privilege, Uchida cannot be heard to complain.

That he was a Japanese person ignorant of the English language, and confined in the county jail charged with a violation of the law, does not make the court soft to the impression that the law should be tempered to his advantage, but applied untempered to those free of such accusations. Such considerations are more properly addressed to the law-making power than to the courts; the duty of the latter being to apply the law as it is, and with equality to all alike. The justice of the peace having jurisdiction of the subject matter of the action and of the person of Uchida, the jurisdiction thus obtained continued until lost or divested by Uchida appearing and claiming his privilege of being sued in his residential precinct, and making a sufficient showing of the fact of such residence.

As a general rule, defects which go to the jurisdiction over the subject matter of the action cannot be cured, but those which go only to the jurisdiction over the person are subject to waiver by the party. 29 Cyc. 527. In the case of *Masterson* v. *Ashcom,* 54 Tex. 324, the supreme court of that state say: "There is a marked distinction between the question of mere personal privilege to be sued in the precinct or county of residence, and which privilege may be expressly or impliedly waived, and that of jurisdiction proper, which cannot be conferred, even by express consent. The justice court had jurisdiction over the subject matter, and, if Ashcom was served with process, this would have given the court jurisdiction over the person also, even though the suit had been irregularly brought in a precinct or county other than that of his residence, if he failed to appear and plead in abatement his privilege to be sued elsewhere." Again, the supreme court of that state say in *Valdez* v. *Cohen,* 23 Tex. Civ. App. 475, 56 S. W. 375: "There can be no doubt that if appellee had appeared in the justice court, and had not pleaded his privilege to be sued in the county of his residence, the justice of the peace could have rendered a valid judgment against him, and it follows that a failure to appear was a failure to claim his privilege and was a virtual waiver of the same and a judgment by default against him was not void."

The second phase of the matter is not difficult of solution. Uchida upon his information and belief having alleged that

the judgment of the justice of the peace was not predicated upon any evidence or testimony and the bank alleging that it was, and it being conceded by both parties that on the issue thus attempted to be raised no evidence or testimony *pro* or *con* was submitted to the district court on the hearing of the writ, it should have been presumed by the district court, and is presumed by this court, that the certified record of the justice imports verity, and that evidence was heard before the justice before giving judgment. It follows that the judgment of the district court vacating and annulling the judgment of the justice of the peace was wrong.

The judgment of the district court is reversed and set aside, and the case is remanded to the superior court of the state of Arizona in and for Maricopa county, with instructions to dismiss the writ of *certiorari.*

Appellants recover costs in this court.

ROSS, J., concurs.

CUNNINGHAM, J., Specially Concurring.—I concur in the reasons given by Mr. Chief Justice FRANKLIN for his conclusion reached in deciding the first proposition stated, and I concur in the conclusion reached by him in deciding the second proposition. Paragraph 2052, Revised Statutes of Arizona of 1901, requires the justice to enter in his docket, "(8) the judgment rendered by the justice, and the time of rendering the same." In most jurisdictions, including this, the justice's return to a writ of *certiorari* is conclusive as to all facts required by law to be kept of record (24 Cyc. 777, and cases cited in notes 38 and 39), and thus far the record imports verity, and the reverse of the proposition is equally true that when the record includes facts not required by law to be kept of record, as to such facts, the record does not import verity. I think the true reasons the judgment of the district court is wrong on the second proposition is: First. Because the petitioner had the *onus* of proof cast upon him to establish, by a preponderance of the evidence, the fact that the justice did not require, hear, or receive evidence in support of plaintiff's claim, and he produced no evidence of such fact before the district court. 24 Cyc. 781, and cases cited in notes 82 and 83. Second. Because, where the jurisdiction appears from the return and the certified record, and a judgment appears in

such record, every reasonable intendment consistent with such record of the judgment will be made by the court in favor of the regularity of the justice's proceedings (24 Cyc. 781, and cases cited in note 80), and we cannot presume, nor could the district court presume, that a justice would arbitrarily render a judgment without requiring, hearing, and considering testimony in support of plaintiff's claim; but we must presume, where nothing appears in the record nor in the evidence to the contrary, that competent and sufficient evidence was required, received, and duly considered by the justice on the trial, upon which the judgment was rendered by him, as a reasonable intendment consistent with the judgment. If anything appeared in the return or in the record that any evidence was received and considered by the justice, the sufficiency of such evidence to warrant the judgment could not be questioned in this proceeding, because the justice was acting within his jurisdiction, and for errors committed in its exercise this writ will not lie (*Miles* v. *Justice Court,* 13 Cal. App. 454, 110 Pac. 349), and this is another reason why the judgment of the district court was wrong, if we concede that the recital found in the justice's record, to the effect that plaintiff produced evidence at the trial, has any weight on the hearing. I do not, however, concede that a mere recital in the docket of the justice has any weight as evidence, where such recital is not required to be recorded by the justice. Otherwise, another exception to the hearsay rule would be announced which has not heretofore been recognized by any court to my knowledge.

For these reasons, I heartily concur in the order reversing the judgment of the district court, and remanding the cause to the proper superior court, with instructions to dismiss the writ of *certiorari.*

-----

NOTE.—As to docketing of judgments by justices of the peace, see note in 40 Am. Dec. 386.

As to the control as between a record judgment and an oral judgment of a justice, see note in Ann. Cas. 1912A, 1283.