NOCONA NAT. BANK v. GOIN et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 12, 1913. Rehearing Denied May 24, 1913.)

1. JUDGMENT (§ 217*)—FINALITY—INTERVENTION.

Where, in a suit to foreclose a chattel mortgage in the county court, another mortgagee of the same property intervened and sought to recover on a note for $1,521, and to enforce an alleged prior lien against the property, such claim was beyond the jurisdiction of the court, and the plea on file was insufficient to prevent a judgment in favor of plaintiff from being final.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 394; Dec. Dig. § 217.*]

2. JUDGMENT (§ 335*)—BILL OF REVIEW.

While a motion for a new trial filed at a subsequent term cannot be sustained as an ordinary motion for a new trial because not filed within the time prescribed by Rev. Civ. St. 1911, art. 2023, it may nevertheless be considered to determine whether it states facts sufficient to be sustainable as a bill of review to set aside the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647–663; Dec. Dig. § 335.*]

3. JUDGMENT (§ 335*)—BILL OF REVIEW—PURPOSE.

Where an intervention was filed in a suit to foreclose a chattel mortgage solely that the intervener might assert the priority of his own lien to that claimed by plaintiff, plaintiff having recovered judgment in his favor notwithstanding the intervention, it would not be set aside on a bill of review merely to determine the question of the priority of liens.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647–663; Dec. Dig. § 335.*]

Error to Montague County Court; A. W. Ritchie, Judge.

Action by the Nocona National Bank against A. F. L. Goin and others, in which W. W. Jones intervened. From a judgment for plaintiff and intervener for their respective debts against defendant Goin, together with foreclosure of the respective liens, but giving intervener's claim priority over plaintiff's lien, plaintiff brings error. Reversed.

W. T. Russell, of Nocona, for plaintiff in error. Jameson & Spencer, of Montague, and J. A. Templeton, of Ft. Worth, for defendants in error.

DUNKLIN, J. On June 22, 1910, in a suit by the Nocona Nat. Bank of Nocona, Tex., against A. F. L. Goin in the county court of Montague county, judgment was rendered in

favor of the plaintiff against the defendant upon certain promissory notes, together with a foreclosure of mortgage liens upon personal property. The judgment recites that the defendant had made default, although duly served with citation, but according to a further recital therein it appears that the notes and. mortgages upon which the suit was based were introduced in evidence. At the time this judgment was rendered the defendant Goin had filed an answer, which was then on file, but which was overlooked by the court rendering the judgment. There was also on file at that time a plea of intervention by W. W. Jones, in which the intervener also sought a judgment against the defendant Goin upon certain promissory notes, and also for a foreclosure of alleged liens on the same property covered by plaintiff's mortgages, which were alleged to be superior to the plaintiff's mortgages, but this plea of intervention was not called to the attention of the court, and no disposition of the intervener's suit was made in the judgment. After adjournment of the court during which this judgment was rendered, the defendant and intervener both filed motions for a new trial, and which motions were granted at the next succeeding term of court. The case then proceeded to trial, resulting in a judgment in favor of the intervener and plaintiff for their respective debts against the defendant, together with foreclosure of the respective liens claimed by plaintiff and intervener, but giving priority to intervener's lien over plaintiff's lien. From that judgment the plaintiff has prosecuted this writ of error.

[1] To the action of the trial court granting the motion for new trial, and in setting aside the previous judgment, error has been assigned. Defendants in error insist that, as the first judgment did not dispose of intervener's plea, it was not a final judgment, and hence it was proper at all events to try the issue of priority of liens between plaintiff and intervener at the subsequent term of court. As appears from the record before us, this was the only contested issue that was tried. In the plea of intervention intervener sought judgment upon a promissory note executed by defendant for the principal sum of $1,521, and upon the last trial he was awarded judgment for $1,494. It thus appears that the claim asserted in the plea of intervention was beyond the jurisdiction of the county court, and the court was not bound to take any notice thereof. In other words, the plea was a nullity, and the fact that it was on file did not prevent the judgment rendered in favor of the plaintiff against the defendant from being a final judgment.

[2, 3] The defendant Goin's motion for a new trial, having been filed at a subsequent term of court, cannot be viewed as an ordinary motion for new trial because not filed within the time prescribed by the statutes.

Revised Statutes, art. 2023. But regardless of the fact that it is designated as a motion for new trial, it may be looked to for the purpose of determining whether or not it was sufficient as a bill of review to set aside the judgment. Considered from this standpoint, it was wholly insufficient, because it asserts no defense to the notes and liens alleged in plaintiff's petition upon which the judgment was rendered; the only purpose for which the new trial was sought, as appears in the motion being to enable the intervener Jones to assert the superiority of his lien to that of the liens claimed by the plaintiff. It is well settled that, for a bill of review to be sufficient as against a general demurrer, it must appear that some substantial injustice has been done to the complainant which will be obviated by another trial, and that, in absence of such showing the court will not do a useless thing by setting aside a judgment merely for the purpose of giving the complainant an opportunity to appear upon the trial, even though he presents a sufficient excuse for failure to appear at the former trial. Johnson v. Templeton, 60 Tex. 238; Masterson v. Ashcom, 54 Tex. 324.

It follows from the conclusion already noted that the judgment from which the appeal is prosecuted must be reversed and motions of defendants Goin and intervener Jones dismissed, leaving the original judgment rendered and referred to in full force and effect, and it is so ordered.