[Civil No. 1293.   Filed October 8, 1913.]

[135 Pac. 713.]

BIG 4 ADVERTISING COMPANY OF PHOENIX, a Corporation, Plaintiff in Error, v. DONALD H. CLINGAN, Defendant in Error.

1. CORPORATIONS—PLACE OF SUIT—COUNTY OF RESIDENCE—TRANSITORY ACTION—PRIVILEGE—WAIVER.—A suit to dissolve a corporation authorized by Laws of 1903, No. 29, is a transitory action, and hence defendant's right to be sued in the county of its residence is a right or privilege that may be waived and is waived by defendant's answering to the merits and proceeding to trial.

[As to what are transitory actions, see notes in 22 Am. St. Rep. 22; 59 Am. St. Rep. 869.]

2. CORPORATIONS—STATUTORY AGENT—FAILURE TO APPOINT—ACTION TO
   DISSOLVE—APPOINTMENT BEFORE TRIAL.—An action to dissolve a
   domestic corporation for failure to appoint a statutory agent on
   whom service of process may be made, as required by Civil Code
   of 1901, paragraph 783, is not maintainable if the agent is ap-
   pointed and notice of appointment filed with the auditor before
   trial of the dissolution proceeding.

3. CORPORATIONS—STATUTORY AGENT—APPOINTMENT—FAILURE TO AP-
   POINT—DISSOLUTION.—Appointment of a statutory agent, on whom
   process may be served, by a domestic corporation being required
   by Civil Code of 1901, paragraph 783, a director could not withhold
   his approval of the appointment made by the president and secretary
   of the corporation instead of at a legally called meeting of the
   board of directors, and rely on the failure of the board to appoint
   the agent as the basis of a suit to dissolve the corporation.

4. CORPORATIONS — STATUTORY AGENT — APPOINTMENT—DISSOLUTION—
   GROUNDS.—Appointment of a statutory agent by the president and
   secretary of a domestic corporation instead of by the corporation's
   board of directors was but an irregularity, and, since the corpora-
   tion would be estopped to deny the regularity of the appointment,
   it was no ground for the maintenance of a suit for dissolution.

WRIT OF ERROR from the Superior Court of the County
of Pima.   W. F. Cooper, Judge.   Reversed and remanded.

The facts are stated in the opinion.

Messrs. Alexander & Christy, for Plaintiff in Error.

Mr. Ben C. Hill, for Defendant in Error.

ROSS, J.—The facts shown by the pleadings are substan-
tially as follows: Plaintiff in error is a domestic corporation
and its principal place of business is in Phoenix, Arizona: its
board of directors and stockholders at the time of the institu-
tion of this suit were the defendant in error, Harry W. Taffe,
president, and Emma C. Taffe, secretary.   The action was
brought by Clingan as a stockholder and director of the com-
pany in the district court of Pima county to disincorporate
the company for failure to appoint a statutory agent, as pro-
vided in paragraph 783, Revised Statutes of 1901, and for
failure to file notice of appointment of agent with the terri-
torial auditor, as provided in Act 29, Laws of 1903.   The
plaintiff in error demurred to the complaint, alleging a want

of jurisdiction of the person of defendant. In its answer it admitted that at the commencement of the action it had appointed no agent nor filed notice of the appointment of agent, but alleged that an agent had been appointed by the company and notice thereof had been filed with the auditor since the institution of the suit and before the filing of answer. Attached to the answer as an exhibit was a copy of the notice of appointment of a resident agent of the company; this notice was filed with the auditor February 3, 1912. According to the resolution appointing an agent, two of the directors, being the president and secretary, were present at the meeting when the agent was appointed; Clingan, the other director, was not present. Defendant in error replied to the answer and denied the appointment of agent *by authority of the company* and alleged that no regular or special meeting of either stockholders or directors had been held since the beginning of action to appoint an agent or for any other purpose, and that no agent had been appointed up to the time of filing reply. The case was tried by the court, and judgment was entered dissolving the corporation defendant, and a receiver of its property and effects was appointed. A writ of error was sued out to have the judgment reviewed by this court.

Act No. 82, Laws of 1903, under which this action was brought, provides that an action for a judicial dissolution of a domestic corporation may be prosecuted in any court of record of the territory (now state) for any of the reasons therein enumerated. A literal construction of this statute would seem to give jurisdiction to any court of record in the state, regardless of the place of residence of the plaintiff and defendant, a manifest departure from the law of venue in all other cases as provided for in paragraph 1294, Revised Statutes of 1901. This is a transitory action, and, even though the plaintiff in error should have been sued in the county of its residence, it was a right or privilege that could be waived, and we think it was waived by the plaintiff in error by answering to the merits and proceeding to trial. *Parker* v. *Uchida,* 14 Ariz. 57, 125 Pac. 715.

If a statutory agent of the company was appointed and notice of his appointment filed with the auditor before the

trial of the case, the court was in error in entering judgment
of dissolution and disincorporation.

In *Flowing Wells* v. *Culin,* 11 Ariz. 428, 95 Pac. 112, the
court had under consideration Act 82, Laws of 1903; the
charge against the corporation being a failure to appoint an
agent as required by law.     Justice DOAN, in a well-reasoned
opinion, said: ''The language used indicates 'that the pri-
mary object of this provision of the act was to secure the ap-
pointment of an agent on whom process could be served, This
is all the interest of the public would require. The dissolution
and disincorporation was only the penalty that should be im-
posed upon the failure or refusal of the corporation to carry
out the primary object of the statute, and this penalty was
apparently provided as a means to compel obedience to this
requirement.   In harmony with this construction, the statute,
in directing the mode of procedure to enforce compliance with
its requirements and to impose a penalty for failure or refusal
so to do, provides that if, after the corporation has had notice
of its dereliction, it still fails to appoint an agent, and the
situation or condition alleged in the petition exists at the time
of the hearing, then, a distinct refusal to obey the law being
manifest, the court is authorized to inflict the penalty pro-
vided by the act.   There is no authority conferred upon the
court to dissolve or disincorporate unless this condition exists
at the time of the hearing or trial.''

The defendant in error does not deny that two of the di-
rectors and stockholders (he being the only other director and
stockholder) met and appointed an agent of the company.
Neither does he deny that a notice of such appointment was
filed with the auditor, nor the authenticity of the certified
copy of such appointment attached as an exhibit to the an-
swer of the plaintiff in error, but does deny that the appoint-
ment was made ''by authority'' of the corporation inasmuch
as there had been no meeting, special or regular, of the stock-
holders or directors for the purpose of appointing an agent
or for any other purpose since the filing of suit.   The two
directors who appointed the agent were the president and
secretary of the company.   In short, the contention of the
appellee is that the statutory resident agent, for the sole pur-
pose of securing service of process upon the company, cannot

be appointed except at a legally called meeting of the board of directors.

The appointment of this agent is enjoined upon the corporation by law. It is the duty of the board of directors to see that the law's requirements are observed. Appellee, as a director, owed that duty to the corporation in no less degree than the other directors. May he withhold his approval of the appointment made by the president and secretary and use his refusal to perform a duty to his company as the foundation of a suit to disincorporate his company? We think not.

The most that can be said of the appointment as made by the president and secretary is that it is irregular. Doubtless service of process on the agent thus appointed would be a good and legal service upon the corporation. The corporation would be estopped to deny the regularity of the appointment of the agent designated and recorded as such by the president and secretary of the company.

Judgment is reversed and the case remanded, with directions that the complaint be dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of the admission or waiver of service by statutory agent of corporation appointed to receive service, see note in 2 L. R. A., N. S., 389.