[No. H002817. Sixth Dist. Apr. 13, 1987.]

BURAN EQUIPMENT COMPANY, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
BROBECK, PHLEGER & HARRISON et al., Real Parties in Interest.

COUNSEL

Edward Nelson for Petitioner.

No appearance for Respondent.

Donald W. Brown, Peter J. Eckerstrom and Brobeck, Phleger & Harrison for Real Parties in Interest.

OPINION

**AGLIANO, P. J.**—Buran Equipment Company, Inc. (Buran) petitions for statutory mandate, Code of Civil Procedure section 400, to review a trial court order changing venue of this action from Santa Clara County to San Francisco County. The trial court based its order on Code of Civil Procedure section 395.2[1] which permits an unincorporated association to file a statement listing its principal office, under Corporations Code section 24003, and then to assert a right to venue at that location as in the case of a corporation. Here, however, two individual defendants are joined, members of the defendant law firm Brobeck, Phleger and Harrison (Brobeck), who live in Santa Clara County. Where both individuals and associations are defendants, venue is proper at the residence of a properly joined individual defendant; therefore, the trial court order changing the venue to San Francisco, the location of Brobeck's place of business (according to its statement under Corp. Code, § 24003) cannot stand, and we will issue the writ.

FACTS

Buran sued Brobeck and two individual partners, Plumridge and Salmon, in a complaint alleging representation of conflicting interests and breach of fiduciary duty. Buran's principal place of business is in Alameda County. Plumridge and Salmon both reside in Santa Clara County. Brobeck is a law firm having offices in both San Francisco and Palo Alto, the latter city being in Santa Clara County. However, concurrent with its motion here to change venue to San Francisco, Brobeck filed a statement as authorized by Corporations Code section 24003 designating San Francisco as its principal office.

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise stated.

Brobeck's Palo Alto office has about 10 partners and 18 associates located there.

The complaint filed in Santa Clara County alleges Brobeck improperly represented conflicting interests and breached fiduciary duties to Buran, its client, in persuading the latter to invest in a project involving construction of the so-called Combie Hydroelectric Project. No specific derelictions or participation in the alleged malfeasance are alleged against Salmon or Plumridge. The complaint does say they were general partners in Brobeck at the time of the alleged acts.

Brobeck moved for change of venue to San Francisco, based on sections 395.2 and 397. It alleged (1) San Francisco County is Brobeck's principal place of business; (2) the facts underlying the complaint occurred "if at all" in San Francisco; (3) the convenience of witnesses and ends of justice would be promoted by the change.

Declarations in support of the motion by Plumridge, Salmon, and another partner, Cheatham, said Plumridge and Salmon were not personally involved in performing legal services for Buran. Cheatham was the partner in charge of services for Buran, assisted by other attorneys who all practiced in the San Francisco office. Most of the meetings and work done for Buran took place in San Francisco, and the remainder in Buran's Alameda County office. No work was ever done in Santa Clara County.

No evidence of convenience of witnesses was presented, and the trial court did not base its ruling on that ground. It ordered the action transferred under section 395.2, because Brobeck is an unincorporated association and has filed a statement of doing business in San Francisco. In any event a motion to transfer venue based on witness convenience cannot be made before an answer is filed (e.g., *DeLong* v. *DeLong* (1954) 127 Cal.App.2d 373, 374 [273 P.2d 921]; see generally 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 695 pp. 708-709), and here no answer was on file when the motion for transfer was made.

### DISCUSSION

Section 395.2 gives unincorporated associations the right to file statements of principal office and then be treated the same as corporations for venue purposes, the principal office location being deemed the principal place of business of the association. According to the Legislative Committee Comment to the statute, it was added to change the result of a decision permitting an unincorporated association to be sued in any county where the plaintiff could find a resident member. (*Juneau etc. Corp.* v. *Int'l Long-*

*shoreman* (1951) 37 Cal.2d 760 [235 P.2d 607].) The Legislature wanted to prevent a kind of "forum shopping" with respect to large unincorporated associations not possible where corporations are involved. Accordingly, the Comment says "Under Section 395.2, an unincorporated association, by filing a statement designating its principal office in this state, may avoid this sort of forum shopping and may secure the advantages of the venue provisions applicable to corporations . . . ." (See Legis. Com. com., West's Ann. Code Civ. Proc. (1973 ed.) § 395.2, p. 329.)

■ The statute and the Comment do not, however, confer on associations any greater rights with respect to venue than corporations possess.

Where an action is brought against both corporate and individual defendants, venue is proper for the action as a whole if it is correct as to any defendant. (3 Witkin, *supra,* § 654, p. 674; *Hale* v. *Bohannon* (1952) 38 Cal.2d 458, 472 [241 P.2d 4].) Venue is correct at the residence of any individual defendant, and in fact, is controlling, at the option of that defendant. (*Ibid.;* 3 Witkin, *supra,* § 655, p. 674; *Carruth* v. *Superior Court* (1978) 80 Cal.App.3d 215, 220 [145 Cal. Rptr. 344, 12 A.L.R. 4th 1269].)

■ The burden rests on the party seeking change of venue to defeat the plaintiff's presumptively correct choice of court. (3 Witkin, *supra,* § 664, p. 682; *Sequoia Pine Mills, Inc.* v. *Superior Court* (1968) 258 Cal.App.2d 65, 67 [65 Cal.Rptr. 353].) When the defendant is a corporation, it has the burden of negativing all the five possible bases of venue articulated in section 395.5. (*Ibid.; Konig* v. *Associated Almond Growers* (1940) 37 Cal.App.2d 360 [99 P.2d 678].) Those bases, in addition to principal place of business, are county where the contract is made or to be performed or where the obligation or liability arises or breach occurs. (§ 395.5.)

■ A defendant's residence for venue purposes may only be disregarded when the joinder is sham, against one having no real interest in the litigation, who is joined solely for the purpose of achieving venue in a particular county. (3 Witkin, *supra,* §§ 644-646, pp. 665-669; see, e.g., *Cal. Collection Agency* v. *Fontana* (1943) 61 Cal.App.2d 648, 653-654 [143 P.2d 507]; *Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 603 [328 P.2d 953, 74 A.L.R. 2d 1].)

■ Although denying Salmon and Plumridge participated in the alleged malfeasance against Buran, Brobeck does not say their joinder was a sham to achieve venue and does not say they would not be liable if the partnership were found to be liable. Indeed, they would be liable as general partners for the partnership's derelictions. (Corp. Code, §§ 15013-15015; *Blackmon* v. *Hale* (1970) 1 Cal.3d 548 [83 Cal.Rptr. 194, 463 P.2d 418]; *Kadota Fig Assn.*

v. *Case-Swayne Co.* (1946) 73 Cal.App.2d 796 [167 P.2d 518].) Their joinder in the action is expressly authorized by statute. (§ 388; *Tyrone* v. *Kelley* (1973) 9 Cal.3d 1, 15 [106 Cal.Rptr. 761, 507 P.2d 65].)

■ The record is wholly inadequate to sustain a ruling of change of venue based on witness convenience, since not one declaration has been lodged directed at that subject. Here, too, movants have the burden of negativing plaintiff's choice of venue. (*Hamilton* v. *Superior Court* (1974) 37 Cal. App.3d 418, 424 [112 Cal.Rptr. 450]; *City of Stockton* v. *Ellingwood* (1926) 78 Cal.App. 117, 121 [248 P. 272].)

■ Brobeck says an interpretation of section 395.2 permitting residence venue of uninvolved association members to control violates the statutory purpose, to overrule the result of *Juneau etc. Corp., supra,* 37 Cal.2d 760. Buran rejoins the facts there were completely different; venue was laid at the residence of individual members of a very large union, where those members could not have been individually liable. Here, in contrast, we have individual members of the law firm who can be liable, a smaller association, and far less inconvenience to Brobeck which, after all, has a Palo Alto office and can defend there nearly as conveniently as in San Francisco.

The Legislature has not enacted the rule Brobeck contends. The statute does not negative venue at the residence of all members of the association who are uninvolved in the events giving rise to liability. It simply gives associations the same rights as corporations with respect to place of trial. Where an individually joined defendant may be genuinely liable on the complaint, it has always been true plaintiff could choose that defendant's residence as the venue even though the corporate defendant was located elsewhere. And in fact, that individual defendant, in a tort case, could compel the venue to be laid where he lives. The statute does not change that result. If *Juneau etc. Corp.* were now to be litigated, after passage of section 395.2, the defendant union would achieve change of venue not only by filing the statement of principal place of business, but also by averring the individual defendants were not properly joined because they were not liable to plaintiff, and finally, by also demonstrating venue was improper under any theory besides principal place of business.

Brobeck's reliance on the decision in *San Francisco Foundation* v. *Superior Court* (1984) 37 Cal.3d 285 [208 Cal.Rptr. 31, 690 P.2d 1], to which it refers as the "Buck" case, is wholly misplaced. That case dealt with the right of an association to be treated like a corporation for purposes of securing transfer to a neutral county under section 394. The decision does contain language saying the purpose of section 395.2 is to "enable unincorporated associations to protect themselves from exposure to suit at the county

of residence of any member by filing a designation of principal office address. [Citations.]" (*Id.* at p. 297.) That statement was made in the course of deciding the required statement under Corporations Code section 24003 need not be filed until the time of the change of venue motion. Nowhere does the decision say an association which has filed the statement may not be sued in the residence county of a codefendant who is validly joined as a party. As discussed, it is clear the association cannot be sued at the residence of "any member"; but it can be sued at the residence of any member who is a legitimate codefendant.

The parties have been notified that a peremptory writ in the first instance could be issued here, and the real party in interest has responded to the petition. No further proceedings are necessary, and a peremptory writ of mandate shall issue. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue to the Superior Court of Santa Clara County ordering it to vacate its order changing venue of this action to San Francisco County and instead to retain the action for trial in Santa Clara County.

Brauer, J., and Capaccioli, J., concurred.