746 P.2d 941

**CITY OF ST. JOHNS, Petitioner,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA; the Honorable Marilyn Riddel, a judge thereof, Respondent Judge,**

**A.K. ROGERS COMPANIES, an Arizona corporation, dba A.K.R. Contracting, Real Party in Interest.**

**No. 1 CA-SA 258.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 8, 1987.

370

Platt & Hall, P.C. by Mitchel D. Platt, St. Johns, for petitioner.

Jarvis & Owens by Melvin J. Owens and Bradley T. Owens, Phoenix, for real party in interest.

J. LaMar Shelley, Mesa, for amicus curiae, League of Arizona Cities and Towns.

## OPINION

FROEB, Presiding Judge.

This special action arises out of a suit filed in Maricopa County Superior Court by the real party in interest, A.K. Rogers Companies, dba A.K.R. Contracting (A.K. R.), against petitioner, City of St. Johns (St. Johns). St. Johns asks this court to re-

verse the denial of its motion for change of venue. We accept jurisdiction, and grant the requested relief.

The relevant facts are as follows. St. Johns hired a Maricopa County based engineering firm, Ellis–Murphy, Inc. (Ellis–Murphy), to supervise a construction job involving certain improvements to the St. Johns Municipal Airport. Ellis–Murphy solicited bids for the job, and A.K.R., an Arizona corporation with principal offices in Maricopa county, submitted a bid. A.K.R. eventually entered into a contract with St. Johns to do the work.

A.K.R. completed the job, but due to certain alleged failures and underestimations of Ellis–Murphy, the job cost more than was anticipated. All extra expenses were allegedly incurred with the knowledge and approval of Ellis–Murphy.

A.K.R. made a written demand to St. Johns for the extra amounts they had expended, but St. Johns refused to pay them. A.K.R. then filed an action for breach of contract in Maricopa County. St. Johns moved for change of venue to Apache County, the county in which the City of St. Johns is located. A.K.R. claimed that venue was proper in Maricopa County under A.R.S. § 12–401(18) dealing with venue in suits against corporations. The trial judge apparently agreed, and denied St. Johns' motion for change of venue. This special action followed.

We take jurisdiction since special action review is an appropriate procedure for raising challenges to pre-trial rulings relating to venue, *Ford Motor Co. v. Superior Court*, 125 Ariz. 112, 608 P.2d 49 (App.1979), and because denial of a motion for change of venue is not an appealable order. Further, since venue is not jurisdictional, it is unlikely that St. Johns would ultimately obtain relief on appeal. *Goff v. Superior Courts*, 2 Ariz.App. 344, 409 P.2d 60 (1965). Finally, this special action presents an issue of first impression and of particular importance to municipal litigants in Arizona. The only issue is where venue properly lies in actions against cities. We hold that venue properly lies in the county in which the city is situated.

## IS A MUNICIPAL CORPORATION A "PERSON" WITHIN THE MEANING OF A.R.S. § 12–401?

The general venue provision of A.R.S. § 12–401 reads: "No person shall be sued out of the county in which such person resides," except where one of 19 enumerated exceptions applies. In our opinion, it was the intent of the legislature to enact a venue statute which would apply to all potential defendants and to all suits brought in Arizona courts. It is only where one of the 19 exceptions included in A.R.S. § 12–401 applies, or where the case is governed by other provisions of Arizona Revised Statutes, that the general venue provision of § 12–401 does not apply. We hold, therefore, that "person" as used in the general venue provision of § 12–401 refers to all defendants sued in Arizona, including municipal corporations. Accordingly, municipal corporations may require that they be sued in the county in which they are situated, unless one of the statutory exceptions applies.

We find support for this conclusion by reference to one of the enumerated exceptions found in the general venue statute earlier quoted. A.R.S. § 12–401(15) states: "Actions against *counties* shall be brought in the county sued unless several counties are defendants, when it may be brought in any one of the counties." (Emphasis added.) Since counties are included in this exception, it follows that a county is necessarily a "person" within the meaning of that term as used in the general provision. If a county is a "person" under the general provision, then so is a city. It would make little sense to say a county is a person but a city is not.

We are referred to A.R.S. § 12–408, which provides that a party bringing suit against a *county* is entitled to change venue to another county. The absence of a similar provision for municipal corporations in Arizona statutes does not present us with a reason to question the rationale which places municipal corporations within the general venue statute. Considerations applicable to suits against counties are different from those in suits against cities. If the legislature intended that there should be an automatic change of venue provision

relating to municipal corporations, it would have enacted one. *Arizona Water Co. v. City of Yuma,* 7 Ariz.App. 53, 56, 436 P.2d 147, 150 (1968). We also note that, in suits against the state, the attorney general may cause venue to be changed to Maricopa County. A.R.S. § 12–822(B). Here again, this does not suggest a rationale contrary to our interpretation of A.R.S. § 12–401.

## INAPPLICABILITY OF STATUTORY EXCEPTIONS

A.K.R. contended in the trial court, and contends in this special action, that municipal corporations do not come within the general provisions of the venue statute because they come within the words "other corporations" as used in § 12–401(18). This subsection is one of the exceptions to the general venue statute, and states:

> Actions against railroad companies, insurance companies, telegraph or telephone companies, joint stock companies and *other corporations* may be brought in any county in which the cause of action, or a part thereof, arose, or in the county in which defendant has an agent or representative, owns property or conducts any business.

A.R.S. § 12–401(18) (emphasis added). Since this was apparently the basis for the ruling by the trial court, we proceed to address this contention.

 *Ejusdem generis* is a rule of statutory construction which is applicable where the legislature uses general words following an enumeration of specific classes of persons or things. *Arizona Pub. Serv. Co. v. Town of Paradise Valley,* 125 Ariz. 447, 610 P.2d 449 (1980); *White v. Moore,* 46 Ariz. 48, 46 P.2d 1077 (1935). In § 12–401(18), the legislature has used the words "other corporations" following its enumeration of five private and public service corporations. By following the list of private and public service corporations with general words, the legislature intended to limit or restrict the meaning of the general language to corporations of the same general character as those specifically mentioned, that is, to private and public service corporations. Thus, we hold that the phrase "other corporations" in subsection (18) is not intended to include municipal corporations. *Cf. Arizona Superior Mining Co. v. Anderson,* 33 Ariz. 64, 70–71, 262 P. 489, 491–92 (1927) (interpreting paragraph 394(18) of the 1913 Civil Code, and holding that *ejusdem generis* cannot be applied to exclude mining corporations from the operation of that paragraph).

In deciding that municipal corporations are not included within the meaning of subsection (18), we recognize the difference between the character and purposes of municipal corporations on the one hand, and private and public service corporations on the other. Municipal corporations are political subdivisions of the state. *See City of Tucson v. Fleischman,* 152 Ariz. 269, 731 P.2d 634 (App.1986). As such, they are created for the administration of political powers, and exercise their authority for governmental purposes. Private and public service corporations, however, are created for purposes other than government. E. McQuillin, 1 *Municipal Corporations* §§ 2.02, 2.03 (3d ed. 1971). We find it unlikely that the legislature intended in subsection (18) to provide for entities with such different purposes.

St. Johns alternatively argues that either the common law or A.R.S. § 12–401(16), relating to suits against public officers, governs suits against municipal corporations. In light of our resolution of this special action, we need not address these arguments.

## CONCLUSION

We hold that cities are "persons" within the meaning of A.R.S. § 12–401, and may require that they be sued in the county in which they are situated. Accordingly, we reverse the order of the trial court denying the motion for change of venue, and direct that an order be entered granting the motion. In our discretion, we deny the requests of St. Johns and A.K.R. for attorney's fees and costs.

HAIRE, C.J., and EUBANK, J., concur.