786 P.2d 407

STATE of Arizona, ex rel., ARIZONA
DEPARTMENT OF HEALTH
SERVICES, Plaintiff–Appellee,

v.

COCHISE COUNTY and Its Board of
Supervisors, Defendants–Appellants.

No. 1 CA–CV 88–152.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 29, 1989.

Review Granted Feb. 26, 1990.

Robert C. Corbin, Atty. Gen. by David J.
Dir, Asst. Atty. Gen., Phoenix, for plaintiff-
appellee.

Alan K. Polley, Cochise County Atty. by
Paul A. Smith, Deputy County Atty., Bis-
bee, for defendants-appellants.

OPINION

GERBER, Judge.

In this appeal we are called upon to decide if the State of Arizona (State) must comply with the requirement in A.R.S. § 11–621 *et seq.* to file a demand as a prerequisite to a lawsuit. The facts are undisputed. In March 1987, the State filed a complaint in Maricopa County Superior Court seeking reimbursement from appellant Cochise County for hospitalization costs incurred by Judy Ann F., a defendant in a criminal action. The trial court entered summary judgment for the State. Cochise County appeals from this entry of summary judgment.

At various times in 1980 and 1981, Judy Ann F. was committed to the Arizona State Hospital by order of the Cochise County Superior Court, pursuant to Rule 11, Arizona Rules of Criminal Procedure. She was discharged in March 1981. Six years later, without demand or other notification, the State filed its complaint alleging that Cochise County was liable for Judy Ann F.'s hospital charges under A.R.S. § 13–3992, which states that the county "in which the indictment was found or information filed" is responsible for the hospital charges of a defendant committed to the state hospital. Cochise County denied liability for the charges because the State did not comply with the procedures in the county claims statute, A.R.S. § 11–621 *et seq.*, claiming specifically that the State failed to present a demand to the county prior to filing suit. The issue on appeal is whether the State is a "person" within the context of this statute.

It is undisputed that the State did not follow the statutory procedure for asserting a claim against a county under A.R.S. § 11–621. That statute requires a "demand duly presented ..." for any payment by the county in excess of $500. A.R.S. § 11–622 provides:

A *person* having a claim against a county shall, within six months after the last item of the account accrues, present to the board of supervisors of the county against which the demand is held, a writ-

ten itemized claim executed by him under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount thereof, and stating that the claim and each item thereof is justly due. The board shall not consider a claim unless the demand therefor is presented within such time.

(emphasis added). "Person" is not defined in A.R.S. § 11–621 et seq.

In deciding whether the State is a "person" within the meaning of A.R.S. § 11–621 et seq., we must examine the legislative purposes of the claims statute. See State v. Sweet, 143 Ariz. 266, 269–70, 693 P.2d 921, 924–25 (1985) (confusion in statutory interpretation resolved by turning to legislative intent of the statute). In Norcor of America v. Southern Arizona Inter. Livestock, 122 Ariz. 542, 543, 596 P.2d 377, 378 (App.1979), the court identified several purposes of the county claims statutes:

> One purpose of these statutes is to prevent the revenue of a county from being consumed in litigation by providing an opportunity for the county to discharge or amicably adjust an obligation before it is faced with the costs of a lawsuit.... Other purposes are to give the county prompt notice of the claim to enable the board of supervisors to investigate and inform themselves of its merits or demerits while evidence is still fresh and witnesses are available, to protect the county against imposition, and to provide a system which tends to prevent unscrupulous public officials from depleting the public treasury.

(citations omitted). If the procedure works as the legislature intended, prompt notice of a claim leads to a prompt investigation, after which a claim is resolved without a county's revenues being consumed in litigation. Under the county's view, interpreting A.R.S. § 11–621 et seq. to include the State as a "person" permits a county to achieve the legislature's purposes while providing the State with the same opportunity for prompt, non-adversarial resolution as is available to private litigants.

On the other hand, under the State's view, interpreting "person" in A.R.S. § 11–621 et seq. to exclude the State has different ramifications. The State would be entitled to bypass the process afforded by the legislature for avoiding litigation. It could bring suit at any time without prior demand. Under the State's view, a county would not necessarily have prompt notice nor the opportunity to investigate the merits of a claim while "evidence is still fresh and witnesses are available...." Norcor, 122 Ariz. at 543, 596 P.2d at 378.

■ The adversarial process which the legislature intended to prevent is illustrated by the present case. Six years elapsed between Judy Ann F.'s discharge from the hospital and the filing of the State's lawsuit for reimbursement. Cochise County was faced with the "... costs of a lawsuit ..." without first having an opportunity to "... amicably adjust an obligation...." Id. Fulfilling the legislature's intent that a county investigate and then discharge or adjust meritorious claims against it depends not on whether the claimant is the State or a private litigant but on the county receiving prompt notice of any claim. Based on these considerations, we conclude that the legislature intended the term "persons" in A.R.S. § 11–621 et seq. to include the State. Cf. City of St. Johns v. Superior Court, 155 Ariz. 369, 371, 746 P.2d 941, 943 (App.1987) (legislature intended municipal corporations to be "persons" within the meaning of A.R.S. § 12–401).

The State argues that it is not a "person" within the meaning of the claims statute because A.R.S. § 1–215(24) provides a special definition of "person":

> In the statutes and laws of the State, unless the context otherwise requires:
>
> ....
>
> 24. 'Person' includes a corporation, company, partnership, firm, association or society, as well as a natural person. When the word 'person' is used to designate the party whose property may be the subject of a criminal or public offense, the term includes the United States, this state, or any territory, state or country, or any political subdivision of

this state which may lawfully own any property, or a public or private corporation, or partnership or association.

While in many circumstances A.R.S. § 1–215 provides definitions for words not defined in a particular statute, by its own terms its definitions apply "... unless the context otherwise requires...." In our opinion, A.R.S. § 1–215(24) simply does not apply to the context of the county claims statute. The county claims statute appears to be one of several contexts in which the legislature intended that the state be a "person" within the meaning of a statute even absent explicit language to that effect. This holding is not unusual. The *City of St. Johns* court held that municipal corporations are "persons" within the meaning of A.R.S. § 12–401, which provides that "[n]o person shall be sued out of the county in which such person resides." 155 Ariz. at 371, 746 P.2d at 943. In other contexts, the state is included as a "person" under a statutory scheme even when a statute does not specifically define it as a "person." For example, the state may convey or acquire property despite the fact that "grantee" is defined in A.R.S. § 1–215(8) as "... every person to whom an estate or interest in real property passes ...," and "grantor" is defined in A.R.S. § 1–215(9) as "... every person from or by whom an estate ... passes...." Similarly, the state is considered as among those "persons" to whom notice is given by the recording of an interest in land under A.R.S. § 33–416.

■ The State reminds us, further, that it is not subject to statutes of limitations or to the statutory requirement that judgments be renewed every five years. It argues that the claims statute is a similar "attribute of sovereignty" which a county may not invoke against the State. We reject this argument because the claims statute is simply not the same as a statute of limitations. A statute of limitations is a procedural rule governing time limits on liability. *Hosogai v. Kadota*, 145 Ariz. 227, 231, 700 P.2d 1327, 1330 (1985). In contrast, when a party's claim is within the scope of A.R.S. § 11–621 *et seq.*, compliance with the claims statute is not a proce-

dural matter but a substantive element of the claim. It not only serves to encourage quick settlement but also confers jurisdiction. In *Tucson Medical Center v. Apache County*, 140 Ariz. 476, 477, 682 P.2d 1143, 1144 (App.1984), the court thus concluded:

> A party making a claim against the county must allege compliance with the statutory claims procedure, before his complaint states a cause of action or sets up facts conferring jurisdiction of subject matter on the court.

Here the State's complaint did not show compliance with the claims statute and it is undisputed that it made no demand. In light of our holding that the State is a "person" within the meaning of A.R.S. § 11–621 *et seq.*, it should have complied with that statute. Accordingly we reverse the trial court's granting of summary judgment to the State and remand this matter to the trial court for proceedings consistent with this opinion.

Appellant Cochise County also argues that the trial court's award of attorneys' fees to the State was not authorized by statute. The State waived the award of attorneys' fees in its answering brief. We therefore also reverse that portion of the judgment.

BROOKS, J., concurs.

JACOBSON, Judge, dissenting:

I respectfully disagree. While the admirable purposes enumerated by *Norcor of America v. Southern Arizona Int'l Livestock Assoc.*, 122 Ariz. 542, 596 P.2d 377 (App.1979) are surely fostered by making the claims statute applicable to every entity in the universe, including the state, this analysis does not answer the question of whether that result is legally required.

I start with the proposition that the statutory definition of "person" embodied in A.R.S. § 1–215(24) should be applicable to all Arizona statutes "unless the context otherwise requires." This definition clearly excludes the state unless the word is used to designate a party whose property may be the subject of a criminal or public offense. A.R.S. § 11–622 does not fall

within the criminal or public offense exception. A fortiori, the claims statute does not apply to the state, unless the context of that statute otherwise requires. The majority concludes that, because other statutory contexts require that the state be included within the definition of "person," the same is required here. I come to the opposite conclusion.

A.R.S. § 11–622 is part of a comprehensive claims procedure, dealing with how the county conducts its financial affairs. As part of that scheme, a statute of limitations is imposed upon all claimants whose demands for payment have been rejected, either in whole or in part. A.R.S. § 11–630(A) provides in part:

> A claimant dissatisfied with the rejection of his demand, or with the amount allowed thereon, may sue the county therefor at any time within six months after final action of the board, but not afterward.

Thus, while the majority is correct that A.R.S. § 11–622 imposes a jurisdictional prerequisite to obtaining relief against the county, *Tucson Medical Center v. Apache County*, 140 Ariz. 476, 682 P.2d 1143 (App. 1984), it is equally clear that A.R.S. § 11–630 is a statute of repose. The coun-

ty concedes that as the sovereign the state can and has excluded itself from the statutes of limitations. A.R.S. § 12–510. Moreover, this statutory exemption is merely a codification of the common law principle that a statute of limitations does not run against the sovereign. *City of Bisbee v. Cochise County*, 52 Ariz. 1, 78 P.2d 982 (1938).

Therefore, if the county is correct, we have the anomaly that the state is a claimant required to file a claim under A.R.S. § 11–622, but cannot be considered a claimant under A.R.S. § 11–630. Given this untenable result, I conclude that, in the absence of a specific inclusion of the state within the requirements of A.R.S. § 11–621 *et seq.*, this statutory scheme requires the definition of "person" provided by A.R.S. § 1–215(24) be applied, which excludes the state.

I would affirm the judgment of the trial court.