821 P.2d 721

Orlando "Chris" CACHO, M.D. and
Linda R. Cacho, husband and
wife, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Lawrence O. Anderson, a judge thereof, Respondent Judge.

SAMARITAN HEALTH SERVICE, INC., an Arizona Corporation, d/b/a Havasu Regional Hospital, Joseph R. McAndrew, M.D. and Cathy McAndrew, husband and wife, G. Clifford Whiles, C.R.N.A. and Mary Whiles, husband and wife, Cross Country Nurses, Inc., a Florida corporation, Boyd Miller, R.N. and Jane Doe Miller, husband and wife, Real Parties in Interest.

No. CV-90-0425-PR.

Supreme Court of Arizona,
En Banc.

Nov. 19, 1991.

Langerman, Begam, Lewis & Marks, P.A. by Robert G. Begam, Robert H. Kleinschmidt, Cora Perez, Phoenix, for petitioners.

Jones, Skelton & Hochuli by Bruce D. Crawford, J. Rollie Wightman, David C. Lewis, Phoenix, for real parties in interest Whiles.

Teilborg, Sanders & Parks, P.C. by Frank A. Parks, James W. Kaucher, Phoenix, for real party in interest Samaritan Health Service, Inc.

Weyl, Guyer, MacBan & Olson, P.A. by Daniel P. Jantsch, Cheralee W. Fisk, Phoenix, for real parties in interest McAndrew.

Snell & Wilmer by Robert H. Oberbillig, Phoenix, for real parties in interest Miller and Cross Country Nurses, Inc.

## OPINION

TAYLOR, Judge.

In this medical malpractice suit, the trial court granted real parties in interest's (defendants) request for change of venue pursuant to A.R.S. § 12–401. The Court of Appeals, Division One, declined jurisdiction of petitioners' (plaintiffs) special action petition challenging the trial court's ruling. We granted review to address an important issue of law regarding venue in suits involving both individual and corporate defendants. We have jurisdiction pursuant to Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12–120.24.

## FACTS

Plaintiff Chris Cacho (Cacho) was admitted as a patient to Havasu Regional Hospital, a facility operated in Mohave County by Samaritan Health Services (Samaritan). During the course of his treatment, Cacho allegedly suffered severe oxygen deprivation, resulting in physical and mental disabilities. Cacho and his wife subsequently filed this medical malpractice suit against Samaritan and other individual and corporate entities that had treated Cacho, together with the spouses of the individual defendants. The suit was filed in Maricopa County, Samaritan's principal place of business. The other defendants are a Florida corporation and individuals residing in Mohave County and in the State of Oregon.

Defendants moved for change of venue to Mohave County under A.R.S. §§ 12–401, –404 (improper county) or alternatively, under A.R.S. § 12–406 (*forum non conveniens*). The Cachos responded that venue was proper under A.R.S. § 12–401 based on their uncontroverted affidavit stating that Samaritan resides in Maricopa County, is found in Maricopa County, and has an agent in Maricopa County.

Without reaching the merits of the question of *forum non conveniens*, the trial court granted defendants' motion for change of venue based on the court's interpretation of A.R.S. § 12–401. The trial court denied plaintiffs' motion for reconsideration. The court of appeals declined to accept special action jurisdiction. The matter thereafter came to this court by petition for review.

## ISSUE PRESENTED

We frame the issue for review as follows: Is a corporate defendant a "person" with a residence for venue purposes under A.R.S. § 12–401?

We deem the issue to be of statewide importance. We also conclude that the trial court exceeded its jurisdiction in its order transferring venue in this case. Because the error is not remediable by appeal, we grant plaintiffs' petition for review.

## DISCUSSION

*Status of a Corporation Under the Venue Statute, A.R.S. § 12–401*

Section 12–401 sets forth one general rule of venue, subject to nineteen exceptions. The statute provides, in pertinent part:

No person shall be sued out of the county in which such person resides, except:

. . . .

7. When there are several defendants residing in different counties, action may be brought in the county in which any of the defendants reside.

. . . .

10. When the foundation of the action is a. . . . trespass for which an action in damages may lie, the action may be brought in the county in which the . . . trespass was committed or in the county in which the defendant or any of the several defendants reside or may be found. . . .

. . . .

18. Actions against . . . corporations may be brought in any county in which the cause of action, or any part thereof, arose, or in the county in which defendant has an agent or representative, owns property or conducts any business.

. . . .

The trial court's granting of defendants' motion for change of venue was impliedly

based on the premise that venue over a corporate defendant must yield to the wishes of an individual defendant sued outside his county of residence. Its decision reflects the defendants' argument that exceptions 7 and 10 do not apply to the corporate defendant, Samaritan, and that venue in Maricopa County was based on exception 18 only. The trial court concluded that under these circumstances, the venue statute requires that preference be given to the county of residence of the individual defendant.

■ Plaintiffs, on the other hand, claim that a corporation is a "person" with a residence and that the venue statute draws no distinction between corporate and individual defendants. They argue that venue is proper in Maricopa County under all three of the above exceptions because Samaritan is a resident of Maricopa County, is found there, and conducts business in that county. They urge that although venue would also have been proper in Mohave County, where the cause of action arose and where two individual defendants and their spouses reside, a plaintiff has the option of bringing suit in any county in which venue is proper. *Zuckernick v. Roylston*, 140 Ariz. 605, 606, 684 P.2d 177, 178 (App.1984); *Massengill v. Superior Court*, 3 Ariz.App. 588, 591, 416 P.2d 1009, 1012 (1966). They correctly point out that once an action has been brought in a proper county, the trial court has no jurisdiction to change venue. *Zuckernick*, 140 Ariz. at 606–07, 684 P.2d at 178–79 (citing *Pride v. Superior Court*, 87 Ariz. 157, 348 P.2d 924 (1960)).

### Corporation Treated as a "Person" in Arizona

■ Plaintiffs' argument commences with the proposition that a corporation is a "person" under the venue statute. We believe their position is consistent with Arizona case law which holds that "'person' as used in the general venue provision of § 12–401 refers to *all* defendants sued in Arizona, including municipal corporations." *City of St. Johns v. Superior Court*, 155 Ariz. 369, 371, 746 P.2d 941, 943 (App.1987)

(emphasis added). The expansive language of *City of St. Johns* leaves no room to exclude private corporations, nor do we perceive any basis to distinguish between municipal and private corporations for venue purposes. Other jurisdictions addressing this issue have treated corporate defendants as persons. *See Buran Equip. Co. v. Superior Court*, 190 Cal.App.3d 1662, 236 Cal.Rptr. 171 (1987); *Platt v. Sears, Roebuck & Co.*, 222 Mont. 184, 721 P.2d 336 (1986). Moreover, where multiple defendants are involved, these jurisdictions allow other defendants to be sued in the county where suit is commenced against a corporate defendant. *Buran Equip. Co.*, 190 Cal.App.3d at 1662, 236 Cal.Rptr. at 171; *Platt*, 721 P.2d at 336.

### Corporation Has a Residence

■ Defendants have cited no authority that suggests a corporation may not have a residence under the venue statute. An examination of the legislative history of A.R.S. § 12–401 reveals no record that would reflect the intent of the territorial and state law makers on the issues before us. However, the early case of *Big 4 Advertising Co. v. Clingan*, decided under the territorial venue statute, which contained provisions nearly identical to our current exception 18, held that a corporate defendant should have been sued in its county of "residence" but waived that right by not asserting it prior to filing its answer. 15 Ariz. 34, 36, 135 P. 713, 714 (1913).

We find persuasive the reasoning from other jurisdictions that treat a corporation as a person with a residence for venue purposes. *See, e.g., Zodiac Corp. v. General Elec. Credit Corp.*, 566 S.W.2d 341 (Tex.Civ.App.1978) (venue in county of residence of corporate defendant proper in action brought against corporate debtor and individual guarantors of promissory note); *Atlanta Dairies Co-op v. Scott*, 140 Ga. App. 820, 232 S.E.2d 130 (1976), *rev'd on other grounds*, 239 Ga. 721, 238 S.E.2d 340 (1977) (constitutional venue of civil suits is county where defendant resides, be it individual or corporate); *Wegorzewski v. Macrose Lumber & Trim Co.*, 28 A.D.2d 713,

280 N.Y.S.2d 994 (1967) (residence of corporation for venue purposes is principal place of business); *Guiterrez v. Superior Court,* 243 Cal.App.2d 710, 52 Cal.Rptr. 592 (1966) (residence of corporation for venue purposes is principal place of business).

The trial court cited *Wray v. Superior Court,* 82 Ariz. 79, 308 P.2d 701 (1957) as authority for its decision to grant defendants' motion for change of venue. The trial court appears to have interpreted *Wray* as conferring an automatic preference for the county of residence of an individual defendant over that of a corporate defendant. We do not believe that *Wray* stands for that proposition.

In *Wray,* the two defendants were an individual residing in Maricopa County and a foreign corporation with a statutory agent who resided in Greenlee County. The suit was brought in Greenlee County under exception 18 of the venue statute. The individual defendant's motion for change of venue was denied. This court subsequently issued a writ requiring the trial judge to transfer the case to Maricopa County. The plaintiffs in *Wray* argued that venue was proper under exception 7, which allows suit to be brought in any county in which one of several defendants resides. The *Wray* court rejected plaintiffs' argument and specifically found that exception 7 did not apply on the facts before it:

> [A.R.S. § 12–401(7)] provides that when there are several defendants, suit may be brought in the county in which any defendant resides. We interpret respondents' argument to be that the corporation is a resident of any county in which it has an agent and is therefore a resident of Greenlee county and petitioner may be joined even though he is not. We fail to perceive how we can say that under the statute a corporation is a resident of any county in which it has an agent. Exception 18 which authorizes suit in counties where the corporation has an agent is speaking of conditions which authorize suits outside the county of residence. If it is authorizing suits outside the county of residence, we can-

not say corporations are residents for venue purposes under this exception 18. *Id.* at 83–84, 308 P.2d at 704.

In *Wray,* venue was proper as to the corporate defendant under exception 18 only. Although the above language implies that corporations could have a county of residence, since the foreign corporation clearly did not reside in the county in which it was served, exception 7 could not apply. We ruled that although exception 18 permits suit against a corporation outside its place of residence, it does not authorize the joinder of an individual defendant residing outside the county if that defendant makes a timely objection. Under such circumstances, venue was not proper as to the individual defendant.

■ In this case, Samaritan's corporate headquarters, statutory agent, legal counsel, and principal place of business are all in Maricopa County. We deem these facts sufficient to establish Maricopa County as Samaritan's county of residence. *Wray* is distinguishable from the case at hand because it involved a suit against a foreign corporation based on permissive exception 18, whereas this case involves a suit brought in the county of residence of one of the defendants, albeit a corporation. Exception 7 applies no less than if Samaritan were an individual defendant. Venue is therefore proper in Maricopa County as to all defendants.

■ We find support for this conclusion in Texas case law applying that state's venue statute. *See Fannin Bank v. Johnson,* 432 S.W.2d 138 (Tex.Civ.App.1968) (venue proper in county of residence of private corporate defendant against individual defendant on basis of exception relating to venue of actions involving two or more defendants); *Parr v. Burris ex rel. Duval County,* 292 S.W.2d 146 (Tex.Civ. App.1956) (venue properly maintained in county of residence of corporate defendant over objections of individual nonresident defendant). Because Arizona's venue statute was adopted from the Texas statute, that state's decisions are of particular interest. *Turner v. Superior Court,* 3 Ariz. App. 414, 415 P.2d 129 (1966); *Blakely v.*

**34**

*Superior Court,* 6 Ariz.App. 1, 429 P.2d 493 (1967).

Two later decisions cited by the defendants, *Wallen v. Jacobson,* 18 Ariz.App. 558, 504 P.2d 499 (1972) and *Reilly v. Superior Court,* 141 Ariz. 540, 687 P.2d 1295 (App.1984), are also distinguishable upon the same grounds as *Wray.* In each case, the corporate defendant did not reside in the county where served. Each case was decided on the basis of exception 18 and no other exception applied.

■ The rationale in *Wray, Wallen,* and *Reilly* is that permitting suit against a corporation under exception 18 on the grounds the corporation has an agent in the county does not authorize the joinder of a defendant residing outside the county. None of the decisions support the proposition that, where the corporate defendant is sued in the county of its residence, the residence of an individual defendant is given preference over that of a corporation. Because Samaritan is a resident of Maricopa County, venue is proper in Maricopa County and the trial judge erred in granting the motion to change venue to Mohave County under A.R.S. § 12–401.

### CONCLUSION

We grant relief and vacate the trial court's order transferring venue, without prejudice to the trial court's jurisdiction to decide the motion for change of venue on grounds of *forum non conveniens.*

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.

Justice James Duke Cameron recused himself and did not participate in the determination of this matter. Pursuant to Article 6, Section 3, of the Arizona Constitution, Judge John F. Taylor, Court of Appeals, Division One, was assigned to sit in his stead.