78 P.3d 278

Robert BEHRENS and Teri Behrens, husband and wife, individually and as parents and next friend of Christopher Behrens and Matthew Behrens, minors, Petitioners,

v.

The Honorable Michael J. O'MELIA, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Ted Behrens and Laura Behrens, husband and wife, individually and as next friend of Harleigh Behrens, Real Parties in Interest.

No. 1 CA–SA 03–0146.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 23, 2003.

Burke Panzarella Rich, by Thomas P. Burke, II, Amanda M. Lorenz, Phoenix, Attorneys for Petitioners.

Donna Platt Boros, Phoenix, Attorney for Real Parties in Interest.

**OPINION**

WEISBERG, Judge.

¶ 1 Petitioners Robert and Teri Behrens ("Defendants") ask this court to accept special action jurisdiction and reverse the trial

court's grant of a change of venue to Pinal County. Defendants contend that they have no adequate remedy by appeal. We accept jurisdiction because the granting of a motion for change of venue is a nonappealable order. *Lakritz v. Superior Court,* 179 Ariz. 598, 599, 880 P.2d 1144, 1145 (App.1994). By previous order, we accepted jurisdiction and denied relief with an opinion to follow. This is that opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This action arises out of an accident that occurred on a playground at Rancho Grande City Park in the City of Casa Grande, Pinal County. Real Parties in Interest Ted and Laura Behrens ("Plaintiffs") first filed a complaint in Maricopa County against only the City of Casa Grande (the "City"), which was removed to Pinal County upon the City's Notice of Improper Venue.

¶ 3 Plaintiffs then filed a second complaint, arising out of the same event, in Maricopa County against Defendants. Plaintiffs subsequently filed a Motion for Change of Venue, requesting that their second case be transferred to Pinal County, so that it could be consolidated with the proceeding against the City. The trial court granted the motion, stating: "There should not be two cases, one here and one in Pinal County. Plaintiff needs to choose the correct forum. If venue is in Pinal, this case should be dismissed or moved." The court further observed that: "Judge Holt [a judge visiting the Superior Court of Pinal County] will decide if [this] case should be consolidated with the Pinal County case."

## DISCUSSION

¶ 4 Defendants claim that the change of venue was improper because Maricopa County is a "proper county"[1] for venue purposes. They argue that once Plaintiffs' action was initiated in a proper county, the trial court was without authority to order a change of venue. *See Cacho v. Superior Court,* 170

Ariz. 30, 32, 821 P.2d 721, 723 (1991); *Pride v. Superior Court,* 87 Ariz. 157, 161, 348 P.2d 924, 928 (1960). We disagree.

¶ 5 The cases relied on by Defendants in support of this proposition do not control here. Those cases involved a party attempting to change venue, claiming that suit had been filed in an improper county. In that context, our supreme court considered whether suit had been brought in a proper county and ruled that once an action was brought in a proper county, the trial court was without authority to order a change of venue. *See Cacho,* 170 Ariz. at 32, 821 P.2d at 723; *Pride,* 87 Ariz. at 161, 348 P.2d at 928. Here, however, the issue is not whether Maricopa County was an improper county for venue purposes. Instead, the issue is whether there was "good and sufficient cause" to change venue because of the ongoing proceeding in Pinal County. *See* A.R.S. § 12–406(B)(3) (2003). In this context, A.R.S. § 12–406(B)(3) is controlling. We therefore look to it to determine whether a change of venue was within the discretion of the trial court.[2] *See State v. Eastlack,* 180 Ariz. 243, 252–53, 883 P.2d 999, 1008–09 (1994) (A trial court's ruling on a motion for change of venue will not be disturbed on appeal absent a prejudicial abuse of discretion.).

¶ 6 Section 12–406(B)(3) provides that venue may be changed upon a finding of "good and sufficient cause, to be determined by the court." We conclude that the trial court had good and sufficient cause to change venue to Pinal County.

¶ 7 First, the action against Defendants arose out of the same injury as the action against the City, and both actions have common questions of law and fact. Therefore, transferring the action against Defendants to Pinal County so that it can be consolidated with the action against the City will serve the interests of judicial economy. *See* Ariz. R. Civ. P. 42(a).

¶ 8 Second, consolidating the cases will ensure that one hundred percent of all dam-

---

**1.** "Proper county" in this context refers to a court that is authorized to hear a suit pursuant to Arizona Revised Statutes ("A.R.S.") section 12–401 (2003).

**2.** We note that although Maricopa County is a proper county, *see* A.R.S. § 12–401, venue also is proper in Pinal County, the county in which the accident occurred. *See* A.R.S. § 12–401(10).

ages are awarded and apportioned among all negligent defendants, as § 12–2506 requires. *See* Dan B. Dobbs, *The Law of Torts* § 210 at 532 (2001) (In comparative fault jurisdictions that have abolished joint and several liability, "[o]ne hundred percent is the maximum fault available to share among all the negligent actors."); *see also Piner v. Superior Court,* 192 Ariz. 182, 190, ¶¶ 32–33, 962 P.2d 909, 917 (1998). If Plaintiffs were allowed to proceed with separate suits against the City and Defendants, the damage awards could be inconsistent, and the resulting allocation of fault among the defendants could be other than one hundred percent. These undesirable results can be avoided by consolidating the two lawsuits, which is possible only with the subject change of venue.

¶ 9 Because the causes of action against the City and Defendants arise out of the same injury, and because Pinal County is the only proper county in which to hear the action against the City, *see* A.R.S. § 12–401 and *City of St. Johns v. Superior Court,* 155 Ariz. 369, 371, 746 P.2d 941, 943 (App.1987), the trial court had good and sufficient cause to transfer the suit against Defendants to Pinal County so that it could be consolidated with the ongoing action against the City. *See* A.R.S. § 12–406(B)(3). As such, the trial court did not abuse its discretion in granting the change of venue,[3] and we affirm its decision.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.

---

**3.** Defendants argue that the trial court was without discretion to grant the change of venue because Plaintiffs failed to present any evidence that Maricopa County is "venue non conveniens." *See* A.R.S. § 12–406(B)(2); *Dunn v. Carruth,* 162 Ariz. 478, 481, 784 P.2d 684, 687 (1989). However, because we conclude that the trial court properly found good and sufficient cause to transfer venue under A.R.S. § 12–406(B)(3), evidence regarding the most convenient forum was irrelevant.